United States District Court
Southern District of Texas
**ENTERED**
December 13, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| WOMAN AND MAN [VANE ELI], § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-374 |
| § | |
| JASON B LIBBY, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER DISMISSING CASE

On this day and at the Initial Pretrial Conference came on for consideration the Motion to Dismiss filed by the Defendants, United States Magistrate Judge Jason B. Libby ("Judge Libby"), Assistant United States Attorney Robert Thorpe ("AUSA Thorpe"), and Special Agent James K. Miller ("SA Miller")(collectively the "Federal Defendants"). The Court, having reviewed the pleadings on file herein and hearing the arguments of counsel for Federal Defendants and Plaintiffs appearing *pro se*, finds that the Motion to Dismiss should be granted. The Court further finds that Plaintiffs' claims against the United States should be dismissed.

### I. Background

On June 6, 2016, the Woman and Man [Vane Eli]("Plaintiffs") filed their original petition in the 148th District Court of Harris County, Texas, Case No. 2016DCV-2733-E. (Docket # 1, Notice of Removal, Attachment # 6, State Court Petition). The Plaintiffs' original petition is actually entitled "Claim Notice." It identifies the Plaintiffs as "i: a wo [man]; vane/eli, prosecutor(s)." Plaintiffs did not include their names in the State Court Petition. Plaintiffs did not sign the State Court Petition with their legal names, only "vane/eli". In fact, the Plaintiffs' names are Vanessa Gonzalez and Elias Trevino. (Docket # 4, Notice of Redacted State Court

File, Attachment # 1, Defendants' Exhibit C, Application for a Search Warrant and Affidavit). The petition names the Federal Defendants as "Wrongdoer(s)" and describes the nature of the case as a "claim." The petition further states, "claim: trespass [violation of rights]" and "…I, a wo [man] claim: the said wrongdoer(s) trespass upon my property…the trespass did and does harm and injury to my property and rights…i, require compensation for the…trespass of my property and violation of my rights…compensation due: ONE HUNDRED MILLION DOLLARS." (Docket # 1, Notice of Removal, Attachment # 6, State Court Petition).

The original petition was served on AUSA Thorpe and SA Miller on August 16, 2016, and on Judge Libby on August 18, 2016. 4.  On September 2, 2016, the federal defendants removed the lawsuit from state court to federal court. (Docket # 1, Notice of Removal).

The Plaintiffs are under criminal investigation by the United States Attorney's Office for the Southern District of Texas and the U.S. Food and Drug Administration (the "FDA"). The Assistant U.S. Attorney in charge of the investigation is AUSA Thorpe. Pursuant to the investigation, SA Miller submitted an application for a search warrant and affidavit to the court to search the premises of two stores located in Corpus Christi, Texas operating under the commercial business name X2ZERO which is owned by the Plaintiffs. SA Miller stated in his affidavit that there is probable cause to believe that Vanessa Gonzalez and Elias Trevino, d/b/a X2Zero have violated the Federal Food, Drug, and Cosmetic Act ("FDCA") by selling products marketed as dietary supplements that are actually drugs, some of which pose dangerous health risks. (Docket # 4, Notice of Filing of Redacted State Court File, Application & Affidavit for a Search Warrant. Also see, USA v. Search Warrant, Case No. 2:15-mj-01495-1, Docket # 1, Application & Affidavit for a Search Warrant). On October 28, 2015, Judge Libby signed the Application and authorized the search warrant. (Docket # 4, Notice of Filing of Redacted State

Court File, Application & Affidavit for a Search Warrant. Also see, USA v. Search Warrant, Case No. 2:15-mj-01495-1, Docket # 1, Application & Affidavit for a Search Warrant). The premises were subsequently searched and items were seized. The investigation continues. (Docket # 4, Notice of Filing of Redacted State Court File, Application & Affidavit for a Search Warrant. Also see, USA v. Search Warrant, Case No. 2:15-mj-01495-1, Docket # 1, Application & Affidavit for a Search Warrant).

On December 8, 2016, the Court conducted the Initial Pretrial Conference in this case. The Federal Defendants were represented by Keith Edward Wyatt, Assistant U.S. Attorney. Plaintiffs appeared *pro se*. At the hearing, Plaintiffs refused to identify themselves on the record despite being repeatedly asked to state their names. Plaintiffs were given numerous opportunities to explain the nature of their cause of action, but continued to answer unintelligibly with statements such as "I am an idiot in legalese" and "apples, oranges, bananas". Plaintiffs refused to describe the property they allege was seized. Plaintiffs then asked for a continuance to obtain counsel and asked the Court to appoint counsel. The court offered *In Forma Pauperis* forms for Plaintiffs to fill out, but they declined. The Plaintiffs also refused to apprise the Court of their efforts to obtain counsel.

As further discussed below, the individual Federal Defendants in the case at bar were acting within the scope of their employment at all relevant times and therefore the Court dismissed Plaintiffs' claims against the individual Federal Defendants at the Initial Pretrial Conference. Plaintiffs' claims against the United States remain and are also addressed below.

## II. Discussion

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge the subject matter jurisdiction of the district court to hear a case. " In ruling on a motion to dismiss for lack of subject matter jurisdiction, courts may evaluate (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *See Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir.2001) *(citing Barrera– Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996)). A court must accept all factual allegations in the plaintiff's complaint as true. *Id.* The burden of establishing subject matter jurisdiction in federal court is on the party seeking to invoke it. *Hartford Ins. Group v. Lou–Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2002). Accordingly, Plaintiffs must prove that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. PCOrder.com, Inc.,* 402 F.3d 489, 494 (5th Cir.2005) (citations omitted). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3). F.R.C.P.

Rule 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule

8(a), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Twombly* overruled the Supreme Court's prior statement in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957), that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Twombly,* 550 U.S. at 562-63 ("Conley's 'no set of facts' language ... is best forgotten as an incomplete, negative gloss on an accepted pleading standard ....").

To withstand a Rule 12(b)(6) motion, a complaint must contain enough facts to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570.  In *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*.  The Court set out the following procedure for evaluating whether a complaint should be dismissed: (1) identify allegations that are conclusory, and disregard them for purposes of determining whether the complaint states a claim for relief; and (2) determine whether the remaining allegations, accepted as true, plausibly suggest an entitlement to relief. *Iqbal*, 556 U.S. at 679.  With respect to the plausibility prong of the dismissal analysis, *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly,* 550 U.S. at 556).  The *Iqbal* Court further noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  As noted by the Fifth Circuit Court of Appeals, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, ' this basic deficiency should ... be exposed at the point of

minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Twombly,* 550 U.S. 544).

The Plaintiffs' original petition is very difficult, if not impossible, to understand. Although Plaintiffs were given ample opportunity at the hearing to explain their cause of action, they refused. Plaintiffs appear to complain about the search of their premises and items being seized. The Plaintiffs are demanding one hundred million dollars ($100 million) in damages. Their claims sound in tort (i.e., trespass) and are therefore controlled by the Federal Tort Claims Act (FTCA). 28 U.S.C. §§ 2671-2680. "Under the FTCA, the United States is liable for the negligence of its employees 'in the same manner and to the same extent as a private individual under like circumstances.'" *Crider v. United States of America,* 885 F.2d 294, 296 (5th Cir. 1989)(citing 28 U.S.C. §2674). In determining whether a private person would be liable the court must look to the law of the state where the act or omission occurred. 28 U.S.C. § 1346(b); *Crider,* 885 F.2d at 296; *Rayonier, Inc. v. United States,* 352 U.S. 315, 318 (1957). In this case, Texas law applies because that is where the alleged torts occurred. Under Texas law trespass is a common law tort which occurs when a person enters another's land without consent. *Wilen v. Falkenstein*, 191 S.W.3d 791, 797-98 (Tex. App. –Fort Worth 2006).

Generally, the United States enjoys sovereign immunity from suit unless it has specifically waived immunity. *Jeanmarie v. United States,* 242 F.3d 600, 602 (5th Cir. 2001). The FTCA provides for a waiver of the United States' immunity from suit for those claims regarding "injury or loss of property, or personal injury or death arising or resulting from the negligent act or omission of any employee of the Government while acting within the scope of his office or employment....." *Id.*; 28 U.S.C. §2679(b)(1). The FTCA is a limited waiver of the sovereign immunity of the United States government. The Act itself is a grant of

jurisdiction to the federal courts, reflecting the government's consent to be sued in certain situations. The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. *Galvin v. Occupational Safety & Health Administration,* 860 F.2d 181, 182, note 2 (5th Cir.1988); 28 U.S.C. § 1346(b).

There can be no dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a FTCA suit. *Id.* at 183. " In a section entitled 'United States as defendant,' the FTCA vests the district courts with 'exclusive jurisdiction of civil actions on claims *against the United States* for money damages.'" *Id.*(citing 28 U.S.C. §1346(b), emphasis in original). The FTCA further states that "any other statute authorizing a federal agency to sue and be sued in its own name does not authorize an action against the agency which is cognizable under the [FTCA]." *Id*. Instead, a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees. *Id.* at 183; 28 U.S.C. §2679(a). "In view of the explicit statutory language, courts have consistently held that an agency or government employee cannot be sued *eo nomine* under the FTCA." *Id.* at 183. " Thus, an FTCA claim against a federal agency or employee, as opposed to the United States itself, must be dismissed for want of jurisdiction." *Id.* at 183.

The Federal Defendants in the case at bar were all acting within the scope of their employment at all relevant times. (Docket # 1, Notice of Removal, Attachment # 1, Exhibit A). They were sued for performing their jobs. Judge Libby signed the application for a search warrant in his role as a United States Magistrate Judge. AUSA Thorpe is the attorney in charge of the investigation for the United States Attorney's Office for the Southern District of Texas. SA Miller is the agent leading the investigation for the FDA. SA Miller submitted the

application for a search warrant and affidavit in his role as a Special Agent for the FDA. All acts performed by the Federal Defendants were within the scope of their employment with the federal government. Therefore, they are improper party defendants under the FTCA and should be dismissed with prejudice.

Although the FTCA contemplates lawsuits against the United States in certain situations, here, Plaintiffs' claims against the United States should be dismissed. A *pro se* litigant must comply with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Texas. Local Rule 10 requires that papers must have a caption, including the name and party designation of the party filing it. Rule 10, F.R.C.P. requires that the title of a complaint must name all the parties. Rule 11(a), F.R.C.P. requires that "every pleading, written motion, and other paper must be signed by…a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number." A court must strike an unsigned paper. *Id.* Rule 8(a), F.R.C.P. states that a "pleading that states a claim for relief must contain… (2) a short and plain statement of the claim showing that the pleader is entitled to relief and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

The fact that Plaintiffs' lawsuit was originally filed in the State District Court in Harris County does not relieve Plaintiffs from the pleading requirements. The Texas Rules of Court contain analogous pleading requirements which mirror the Federal Rules of Civil Procedure. Under the Texas Rules of Civil Procedure, Rule 57 requires that "[a] party not represented by an attorney shall sign his pleadings, state his address, telephone number, email address, and, if available, fax number." Texas Rules also require that "[a]n original pleading which sets forth a claim for relief contain (a) a short statement of the

cause of action sufficient to give fair notice of the claim involved." Rule 47(a), Tex.R.Civ.P.  "Pleadings in the district and county courts shall (b) consist of a statement in plain and concise language of the plaintiff's cause of action". Rule 45 (b), Tex.R.Civ.P. Texas Rules also require that "[a]ll averments of claim…shall be made in numbered paragraphs." Rule 50, Tex.R.Civ.P.

Plaintiffs disregarded all the rules cited above. Nevertheless, the Court gave Plaintiffs adequate opportunity at the Initial Pretrial Conference to state their name for the record, but they refused. Plaintiffs also refused in any way to explain the basis, factual or otherwise, of their cause of action against the United States. Although Plaintiffs demanded return of their property at the Initial Pretrial Conference, they refused to identify the property. Plaintiffs' failure to follow the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Texas, and Texas Rules of Civil Procedure are grounds for dismissal of their claim against the United States.

### III.  Conclusion

Despite Plaintiffs disregard of the rules, the Court gave them ample opportunity to correct their omissions and rescue their claim, including offering *In Forma Pauperis* forms when Plaintiffs asked the Court to appoint counsel. Yet Plaintiffs declined. Their refusal to answer the Court's questions, their nonsensical statement, and their total failure to articulate what their claim is, leave the Court no choice but to dismiss Plaintiffs' remaining complaint against the United States.

For the reasons stated herein and on the record the Motion to Dismiss is hereby GRANTED and the case is hereby DISMISSED WITH PREJUDICE as to Individual Defendants United States Magistrate Judge Jason B. Libby, Assistant United States Attorney

Robert Thorpe, and Special Agent James K. Miller. The case against the United States is DISMISSED WITH PREJUDICE *sua sponte*.

SIGNED and ORDERED this 13th day of December, 2016.

_____
Janis Graham Jack
Senior United States District Judge